UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SANDRA C.R., on behalf of Y.E.O.C., a minor,

                        Plaintiff,        5:20-CV-0923
                                             (GTS/DEP)

v.

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

OLINSKY LAW GROUP               HOWARD D. OLINSKY, ESQ.
 Counsel for Plaintiff                    SUSAN HURLBURT, ESQ.
250 South Clinton Street, Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION   JAMES J. NAGELBERG, ESQ.
 Counsel for Defendant
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Sandra C.R., on behalf of minor Y.E.O.C. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), are (1) United States Magistrate Judge David E. Peebles's Report-Recommendation recommending that Plaintiff's motion for judgment on the pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, (2) Plaintiff's Objections to the Report-Recommendation, and (3) Defendant's response to the Objections. (Dkt. Nos. 21, 22, 23.)

Generally, a district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).  "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); accord Fed. R. Civ. P. 72(b)(2).  "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted).

Here, the Court does not construe Plaintiff's Objections as asserting any new arguments, but as merely reiterating her original arguments.  (*Compare* Dkt. No. 22 [Plf.'s Objections] *with* Dkt. No. 14 [Plf.'s Brief].)  As a result, the Court need subject the Report-Recommendation to only a clear-error review.  However, even if the Court were to subject Magistrate Judge Peebles' Report-Recommendation to a de novo review, it would find that it survives that review: Magistrate Judge Peebles has employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. The Court bases this finding not only on the thorough Report-Recommendation but on Defendant's response to Plaintiff's Objections.  (Dkt. Nos. 21, 23.)

    **ACCORDINGLY**, it is

    **ORDERED** that Magistrate Judge Peebles' Report and Recommendation (Dkt. No. 21) is

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: March 7, 2022
Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge